## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WATERVALE MARINE CO., LTD., as owner of the M/V AGIOS EMILIANOS John Kennedy Street, Iris House Office 740B, Limassol, Cyprus, and<br><br>ILIOS SHIPPING CO., S.A., as technical manager of the M/V AGIOS EMILIANOS 41, Akti Miaouli, 185 35 Piraeus, Greece, and<br><br>ACHILLEA NAVIGATION CORP., as owner of the M/V STELLAR WIND 80 Broad Street, Monrovia, Liberia, and<br><br>CLEOPATRA SHIPPING AGENCY LTD., as technical manager of the M/V STELLAR WIND, 15-17 Hatzikyriako Avenue, Piraeus 185 37, Greece, and<br><br>MERCATOR LINES (SINGAPORE) PTE, LTD., as owner of the M/V GAURAV PREM, 42-01B, Suntec City Tower 2, 9, Temasek Boulevard, Singapore 038989, and<br><br>TARGET SHIP MANAGEMENT PTE, LTD., as technical manager of the M/V GAURAV PREM, 04-04, Suntec Tower 1, 7, Temasek Boulevard, Singapore 038787, and<br><br>BULKERS HOLDING, INC., as owner of the M/V POLYNEOS, Ajeltake Island, Ajeltake Road, Majuro, Marshall Islands, and<br><br>ODYSEA CARRIERS S.A., as technical manager of the M/V POLYNEOS 173, Konstantinou Karamanli Avenue, Voula, 166 73 Athens, Greece,<br><br>      Plaintiffs,<br>       vs. | Case No. 1:12-cv-00105-KBJ |

| | |
|---|---|
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br>3801 Nebraska Ave., NW,<br>Nebraska Avenue Complex<br>Washington, D.C. 20016, and<br><br>UNITED STATES COAST GUARD,<br>Coast Guard Headquarters<br>Office of Claims and Litigation<br>Room 1413, 2100 Second Street, SW<br>Washington, DC 20593<br><br>                              Defendants. | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

COMES NOW WATERVALE MARINE CO., LTD., as owner, and ILIOS SHIPPING CO., S.A., as technical manager of the M/V AGIOS EMILIANOS; ACHILLEA NAVIGATION CORP., as owner, and CLEOPATRA SHIPPING AGENCY LTD., as technical manager of the M/V STELLAR WIND; MERCATOR LINES (SINGAPORE) PTE, LTD., as owner, and TARGET SHIP MANAGEMENT PTE, LTD., as technical manager of the M/V GUARAV PREM; BULKERS HOLDING, INC., as owner, and ODYSEA CARRIERS S.A., as technical manager of the M/V POLYNEOS, (hereinafter and collectively, "the Plaintiffs"), by and through undersigned counsel, and file this Response to the United States' Notice of Supplemental Authority.[1]

Although the Defendants seek to have this Honorable Court consider the Fourth Circuit Opinion in *Angelex v. U.S.* as controlling authority in this action, the Opinion is

---

1 On May 20, 2013, the Court granted Plaintiffs' Motion for Leave to File a Supplemental Memorandum of Points and Authorities in light of the Eastern District of Virginia's decision in *Angelex Ltd. v. United States et al.*, 2013 U.S. Dist. LEXIS 65846, 2013 WL 1934490 (E.D. Va. May 8, 2013) and a memorandum was subsequently filed. *See* Docket Entry No. 24. On July 22, 2013, the United States filed a two page Notice of Supplemental Authority with the Court attaching the Fourth Circuit Court of Appeals' reversal of *Angelex Ltd*. *See* Docket Entry No. 26 and Exhibit 1 to Docket Entry No. 26 (attaching *Angelex v. United States*, Case No. 13-1610 (4th Cir. Jul. 22, 2013)) (hereafter the "Fourth Circuit Opinion.")

neither controlling nor persuasive[2] in respect to the issue at the heart of this case; that is, in enacting the Act to Prevent Pollution from Ships, 33 U.S.C. § 1901 *et seq.*, did the Congress authorize the Coast Guard to condition the release of a detained vessel on anything more than the posting of a bond or other financial surety? It is, therefore, unsurprising that the government did not provide any analysis or discussion of this critical issue in its Notice of Supplemental Authority of the Fourth Circuit Opinion. Clearly, the reversal of the Eastern District of Virginia's decision in *Angelex Ltd*. by the Fourth Circuit, much like the Southern District of Alabama's decision in *Guiseppe Bottiglieri Co. S.P.A. v. United States*, 843 F.Supp.2d 1241 (S.D. Ala. 2012), was based on a finding that the district court was not empowered, in response to an Emergency Petition for release of a detained vessel, to set the particular *quantum* of the bond and/or set terms and conditions that must be complied with by the Owner prior to the court ordering Customs and Border Protection to grant the vessel clearance to depart the United States.[3] These holdings were based exclusively on the district court's lack of subject matter jurisdiction to grant such extraordinary equitable relief. The specific procedural circumstances and subsequent holdings by the *Angelex Ltd.* and *Guiseppe Bottiglieri* courts, however, stand in stark contrast and are wholly inapplicable to the issue before the Court in this action, which as discussed below is one of statutory construction, as the Defendants have conceded that Plaintiffs have properly invoked the Court's subject matter jurisdiction pursuant to the Administrative Procedures Act.[4]

---

[2] While decisions of U.S. Courts of Appeals for other circuits may be persuasive, they are not controlling. *Gerace v. Liberty Mut. Ins. Co.*, 264 F. Supp. 95, 97 (D.D.C. 1966).

[3] *See Angelex v. United States*, Case No. 13-1610 at pp. 7, 20 (4th Cir. Jul. 22, 2013); *see also Guiseppe Bottiglieri Co. S.P.A.*, 843 F.Supp.2d at 1243, 1253.

[4] The government has conceded in this action that the Plaintiffs have properly invoked this Court's subject matter jurisdiction pursuant to the Administrative Procedures Act and that this Court is the proper venue for this action. *See* Docket Entry No. 7, at ¶ 11 – 12 (admitting venue and jurisdiction in answering the Plaintiffs' Complaint); *see also* Docket Entry No. 13, at p. 16 – 17 (confirming in the Government's

Specifically, the Fourth Circuit Opinion in *Angelex* is distinguishable from this action for the same reasons that the decision in the *Guiseppe Bottiglieri* action can be distinguished from this action. As was the case in *Guiseppe Bottiglieri*, the underlying action in *Angelex* was brought before the district court on an emergency basis by the Petitioner, a vessel owner, seeking the court's intervention to set the terms and amount of a bond as security for the release of its vessel, which was detained by the U.S. government.[5] The Fourth Circuit, applying similar reasoning as that pronounced by the Southern District of Alabama, concluded that the Court lacked jurisdiction pursuant to the Administrative Procedures Act, 5 U.S.C. § 701, to set the terms of an "acceptable" surety bond amount and the other conditions that had to be complied with by the vessel's Owner and Operator so they could have their vessel released.[6]

Neither *Angelex* nor *Guiseppe Bottiglieri* addresses the issue at the heart of this action; that is, whether the Coast Guard's interpretation and application of 33 U.S.C. § 1908(e) exceeded the authority granted to it by Congress with respect to the additional and extraordinary terms and conditions not provided for in the language of the statute, that the Coast Guard demands be acceded before a vessel owner and technical manager may obtain Customs clearance for their vessel, when their vessel has been detained pursuant to the Act to Prevent Pollution from Ships (the "APPS").[7] As Plaintiffs have noted in their briefs and at oral argument in this action, the relief sought in this matter

---

Motion for Summary Judgment that this Court is the proper venue and has subject matter jurisdiction to hear the action).
5  *See* Docket Entry No. 26, Exhibit 1 at pp. 6-7; *see also Guiseppe Bottiglieri Co. S.P.A.*, 843 F.Supp.2d at 1253.
6  *See* Docket Entry No. 26, Exhibit 1 at p. 20; *see also Guiseppe Bottiglieri Co. S.P.A.*, at 1254.
7 *See* 33 U.S.C. § 1901 *et seq.*

centers upon the statutory interpretation of 33 U.S.C. § 1908(e), and not upon the type of procedural judicial intervention sought and rejected in *Angelex* and *Guiseppe Bottiglieri*.[8]

The Fourth Circuit Opinion contains none of the discussion or "searching analysis" necessary to properly address the statutory questions at the center of the instant action.[9] Because the Fourth Circuit reversed the lower court's decision purely on jurisdictional grounds that are inapplicable here, the Opinion contains no discussion of the established principles of statutory construction and legislative history of the statute, which must be examined in order to resolve the issue of whether the Coast Guard exceeded its statutory authority by requiring Plaintiffs to accede to and execute Agreements on Security that contain numerous additional conditions not proscribed in the statute by Congress, in addition to posting a monetary bond.[10] The issue of whether the government's interpretation of 33 U.S.C. §1908(e) is contrary to law and beyond the scope of its authority was simply not considered or addressed by the Fourth Circuit in *Angelex v. U.S.*, nor was it considered or addressed in *Guiseppe Bottiglieri*. That issue is properly and squarely before this Honorable Court, in the appropriate judicial forum on a "non-emergency" basis. Plaintiffs respectfully submit that neither the Fourth Circuit Opinion nor the decision in *Guiseppe Bottiglieri* provide any guidance or value to this dispute, precedential or otherwise.

---

8 Plaintiffs specifically differentiate the instant action from the facts and legal conclusion drawn by the Southern District of Alabama in *Guiseppe Bottiglieri* in both their Cross-Motion for Summary Judgment and corresponding Reply Brief in further support thereof.  *See* Docket Entry No. 16, Attachment 1 at pp. 16-17 (Plaintiffs' Cross-Motion for Summary Judgment) and Docket Entry No. 21 at pp. 11-12 (Plaintiffs' Reply in Opposition to Defendants' Response), respectively.  These very same arguments were adopted by the Fourth Circuit in *Angelex*.

9 *See* Docket Entry No. 16, Attachment 1 at p. 13 (noting that when an agency's interpretation of an authorizing statute is in question, as is the case in this action, "the court should perform a close and searching analysis of congressional intent, remaining skeptical of the proposition that Congress did not speak to such a fundamental issue as the limits of the agency's power") (quoting *ACLU v. FCC*, 823 F.2d 1554 (D.C. Cir. 1987)).

10  *See* Docket Entry No. 16, Attachment 1 at pp. 20-25.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully submit that Defendants' Notice of Supplemental Authority fails to offer any controlling and persuasive authority in this action.

Dated: July 24, 2013

Respectfully submitted,
/s/Brian T. McCarthy
MICHAEL G. CHALOS
BRIAN T. MCCARTHY
Chalos O'Connor, LLP
366 Main Street
Port Washington, NY 11050
(516) 767-3600

BRUCE PASFIELD (DC # 495239)
Alston & Bird LLP
950 F Street NW
Washington, DC 20004-1404
(202) 239-3585

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that this pleading was served this 24th day of July, 2013, in accordance with the Court's Local Rules and CM/ECF Guidelines.

/s/Brian T. McCarthy_____